IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EARL N. REDD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19CV00672 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Earl N. Redd has filed this action challenging the final decision of the Commissioner of Social Security denying his respective claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434 and 1381–1383f. Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g). The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted). Thus, "the threshold for such evidentiary sufficiency is not high." Biestek, 139 S. Ct. at 1154. In reviewing for substantial evidence, the

court does not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Administrative Law Judge. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). However, the court may not "reflexively rubber-stamp a[] [Law Judge's] findings." Dowling v. Comm'r Soc. Sec. Admin., 986 F.3d 377, 383 (4th Cir. 2021) (quoting Lewis v. Berryhill, 858 F.3d 858, 850 (4th Cir. 2017)).

The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On February 4, 2021, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, and the matter is now ripe for the court's consideration.

Plaintiff was born February 12, 1968, and is 53 years old. (R. 867.) He completed high school and previously worked in various landscaping, janitorial, and food services positions. (R. 70–75, 1030–32.) He has not engaged in any gainful activity since at least 2010. (R. 1034.) On July 23, 2012, Plaintiff filed a Title II application for disability insurance benefits. (R. 41.) Plaintiff also filed a Title XVI application for supplemental security income on November 20, 2012. (R. 41.) In filing his claims, Plaintiff originally alleged that he became disabled for all forms of substantial employment on October 18, 2010. (R. 41, 999.) Plaintiff later amended the alleged onset date to January 9, 2015. (R. 41, 999.) The record reflects that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2019. (R. 999.) Consequently, Plaintiff is entitled to a period of disability and disability benefits only if he establishes that he became disabled for all forms of substantial gainful employment on or before September 30, 2019. See 42 U.S.C. §§ 416(i), 423.

Plaintiff's applications were denied on initial consideration and reconsideration. He then requested a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 6, 2015, the Law Judge determined, the after applying the five-step sequential evaluation process, that Plaintiff is not disabled. See 20 C.F.R. §§ 404.1520 & 416.920.[1] The Law Judge found that Plaintiff suffered from several severe impairments through that date, including lumbar strain/lumbargo, peripheral artery disease in the right upper extremity, and chronic obstructive pulmonary disease (COPD). (R. 43.) Despite these impairments, the Law Judge determined that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with various exceptions. (R. 44.) Given such a residual capacity, and after having Plaintiff's considered age, education, and prior work experience, the Law Judge determined that Plaintiff was unable to perform any past relevant work. (R. 49.)

However, the Law Judge determined that Plaintiff retained the capacity to perform other work roles existing in significant number in the national economy. (R. 50.) Accordingly, the Law Judge ultimately concluded that Plaintiff was not disabled from January 9, 2015, the amended alleged onset date, through the date of the Law Judge's decision. (R. 51.) The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Plaintiff appealed to this court.

---

[1] The applicable evaluation process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and (5) if not, whether he can perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4). "The claimant has the burden of proof for the first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). If a decision as to disability can be reached at any step in the process, further evaluation is unnecessary. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4).

By memorandum opinion and order entered January 22, 2018, the court remanded Plaintiff's case to the Commissioner for further development and consideration. See Redd v. Berryhill, No. 7:17CV00089, 2018 WL 502754 (W.D. Va. Jan. 22, 2018). The court held that the Law Judge failed to explain his decision to reject two of Plaintiff's treating physician's opinions. Accordingly, the court found good cause to remand the case to the Commissioner for further development and consideration.

On remand, the Commissioner assigned the case to the same Administrative Law Judge for a supplemental hearing and decision. The Law Judge issued a new decision on December 5, 2018. In his second opinion, the Law Judge again determined that Plaintiff was not disabled at any time from the alleged onset date through the date of the Law Judge's opinion. The Law Judge concluded that Plaintiff suffers from several severe impairments, including "lumbar strain/lumbago/mild degenerative disc disease; history of peripheral arterial disease of the right upper extremity with possible right carpal tunnel syndrome; recent complaint of left arm numbness; chronic obstructive pulmonary disease (COPD); myofascial pain; and hypertension." (R. 1001–02). However, the Law Judge concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the requirements of a listed impairment. (R. 1002.) The Law Judge assessed Plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b), except that the claimant can have no exposure to hazards or unprotected heights. He can occasionally handle, finger, feel, climb, kneel, and crawl. He can have occasional exposure to pulmonary irritants and chemicals.

(R. 1003.) Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Plaintiff is unable to perform any of his past

relevant work. However, the Law Judge found that Plaintiff is capable of performing alternative work roles existing in significant number in the national economy. (R. 1012.) He listed such specific jobs as an "Usher," "Rental clerk," or "Gate guard." (R. 1012–13.) The Law Judge accordingly concluded that Plaintiff is not disabled and thus not entitled to disability insurance benefits or supplemental security income benefits. See 20 C.F.R. §§ 404.1520(g) & 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Plaintiff has now appealed to this court.

While Plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's decision in all relevant respects.

In his objections to the report and recommendation, Plaintiff argues, inter alia, that the magistrate judge erred by concluding that substantial evidence supports the Law Judge's assessment of his subjective allegations. For the following reasons, the court agrees and finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

When evaluating a claimant's subjective complaints, a Law Judge must follow the two-step framework provided for in 20 C.F.R. § 404.1529 and SSR 13-3p, 2016 WL 1119029 (Mar. 16, 2016). Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020). First, the Law Judge must decide "whether the objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." Id. (quoting 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3). Next, "after finding a medically determinable impairment, the [Law Judge] must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." Id. (citing 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4). At this step in the process, the Law Judge need not rely on objective evidence to conclude that the claimant is disabled. Id.

Importantly, the Law Judge must "consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 98 (4th Cir. 2020) (quoting Lewis, 858 F.3d at 869) (emphasis added). To this end, the Fourth Circuit has repeatedly stated that it "has battled the [Commissioner] for many years over how to evaluate a disability claimant's subjective complaints of pain." Id. at 95 (alteration in original); Lewis, 858 F.3d at 865

(quoting Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994) (Hall, J., concurring)) (emphasis in original).

In Arakas, the Fourth Circuit held that the Law Judge committed reversable error by, inter alia, "selectively citing evidence from the record" when evaluating the claimant's subjective complaints. Id. In discrediting the claimant's subjective allegations, the Law Judge pointed in part to the claimant's testimony about working part-time at a restaurant, but erroneously "omitted [the claimant's] qualifying statements" that her health impairments caused her "a lot of problems" while working at the restaurant and forced her to work "very slowly." Id. (internal quotation marks, citations, and alteration omitted). The Fourth Circuit accordingly concluded that the Law Judge "erred by cherry-picking certain facts" and "misstated or mischaracterized other material facts." Id. at 99.

Moreover, in Brown v. Commissioner, Social Security Administration, the Law Judge concluded that a claimant's subjective allegations lacked credibility after the claimant "testified to daily activities of living that included cooking, driving, doing laundry, collecting coins, attending church and shopping." 873 F.3d 251, 263 (4th Cir. 2017). However, because the Law Judge "did not acknowledge the limited extent of those activities as described by [the claimant] or explain how those activities showed that he could sustain a full-time job," the Fourth Circuit concluded that the Law Judge failed to "build an accurate and logical bridge from the evidence to his conclusion that the claimant's testimony was not credible" and accordingly reversed and remanded the Law Judge's opinion denying disability insurance benefits. Id. at 253, 269 (internal quotation marks, citation, and brackets omitted).

Here, the court is constrained to conclude that the Law Judge committed a similar error to that in Arakas and Brown. The Law Judge concluded that "the daily activities that the claimant

does perform are inconsistent with his complaints of prolonged and consistent disabling functional limitations" and thus assigned little weight to Plaintiff's subjective allegations. (R. 1010.) In doing so, the Law Judge relied partially on the fact that Plaintiff worked a part-time job at the Roanoke Civic Center that involved "lifting heavy trash bags," "emptying trash," and "lifting a keg." (R. 1010.) Indeed, the Law Judge concluded that "[t]he fact that the claimant worked part-time doing work that involves some heavy lifting is completely at odds with his allegations that he can sit only 5 minutes at a time and stand only 1 minute at a time," and that "[e]ven though the claimant may have been working only part time, there is no way that his employer would continue to employ him at such a job . . . if he could stand only one minute at a time and sit five minutes at a time." (Id. at 1010–11.)

However, the Law Judge failed to acknowledge Plaintiff's testimony that he received special accommodations at his part-time Civic Center job, including permission to sit down and take breaks as needed to account for his back, leg, and hand pain. (R. 1043.) The Law Judge also did not mention Plaintiff's testimony that he was ultimately terminated from his part-time job at the Civic Center after incurring too many absences due to his pain and illnesses. (R. 1044–45.) The Law Judge therefore erred in his analysis of Plaintiff's subjective complaints by "selectively citing evidence" and "omit[ing] [Plaintiff's] qualifying statements." Arakas, 983 F.3d at 98; see also Michelle P. v. Saul, No. TMD 19-3499, 2021 WL 119076, at *5 (D. Md. Jan. 12, 2021) (concluding that Law Judge committed reversible error "by discrediting Plaintiff's subjective complaints as inconsistent with her daily activities" and failing to "acknowledge the limited extent of those activities as described by Plaintiff or explain how those activities showed that she could sustain a full-time job") (quoting Brown, 873 F.3d at 269) (internal quotation marks and alterations omitted); Garrett v. Saul, No. 0:19-cv-02898-RBH, 2021 WL 869687, at *5 (D.S.C. Mar. 9, 2021)

(ordering remand after finding that Law Judge "selectively cited evidence concerning tasks plaintiff was capable of performing and improperly disregarded Plaintiff's qualifying statements that limited the extent to which he could perform daily activities") (quoting Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006)) (internal quotation marks and alteration omitted). Accordingly, the Law Judge did not "build an accurate and logical bridge from the evidence to his conclusion that [Plaintiff's] testimony was not credible." Brown, 873 F.3d at 269 (internal quotation marks and citation omitted).

The court therefore finds "good cause" to remand the case to the Commissioner for further development and consideration. In light of the court's decision to remand the case to the Commissioner, the court finds it unnecessary to address Plaintiff's remaining objections.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 20th day of April, 2021.

/s/ Glen Conrad
Senior United States District Judge